BLAIR et al. v. HARRISON et al.[1]

(Circuit Court of Appeals, Seventh Circuit. June 10, 1893.)

No. 64.

**1. ATTORNEY AND CLIENT—FEES—LIEN ON JUDGMENT.**

Where the amount due on a judgment recovered for the purchase price of property sold by plaintiff to defendant is paid into a court of equity for distribution, plaintiff's attorneys are entitled to receive therefrom the money due them for meritorious services rendered to plaintiff in other suits growing out of such purchase, where such services were rendered with the expectation that they would be paid for out of the proceeds of such judgment. 51 Fed. Rep. 693, affirmed.

**2. PARTNERSHIP—WHAT CONSTITUTES—EVIDENCE.**

Proof that two men owned a ranch and herd of cattle jointly, that they managed the ranch together, rendered accounts in their joint names, and referred to themselves as a company, is sufficient to show that they were copartners, although they had no articles or agreement of copartnership. 51 Fed. Rep. 693, affirmed.

**3. SAME—SETTLEMENT BETWEEN PARTNERS—RIGHTS OF CREDITORS.**

A settlement between copartners which determines their respective interests in a certain partnership fund is conclusive as to the rights of their individual creditors to that fund. 51 Fed. Rep. 693, affirmed.

**4. SAME—VACATING SETTLEMENT—EVIDENCE.**

A settlement between copartners, who are both capable men, of a business amounting to hundreds of thousands of dollars, and involving many items of account depending upon the memories of the copartners, should not be opened at the instigation of their creditors, after the death of one of the copartners, even though there is a strong prima facie showing of mistake in the settlement. 51 Fed. Rep. 693, affirmed.

**5. SAME—RIGHT OF PARTNER TO PLEDGE FIRM PROPERTY.**

One of two copartners cannot pledge the partnership property to secure his private debt, except to the extent of his interest therein. 51 Fed. Rep. 693, affirmed.

**6. EQUITY PLEADING—AMENDMENT.**

After the announcement of the final decision of the chancellor upon the merits of a case, it is proper to refuse to permit the pleadings to be amended, so as to meet objections which were raised at the hearing, two months before the decision was rendered, especially where such amendment would not affect the grounds on which the decision is based. 51 Fed. Rep. 693, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

In Equity. Bill in the nature of a suit of interpleader brought by John Claflin and others, composing the firm of H. B. Claflin & Co., against Jessie I. Bennett, John A. Blair, Samuel J. Garvin, John C. Harrison, Robert L. Dunman, and others. A decree was rendered in favor of Harrison and Dunman. An appeal was taken by Blair and Garvin. Affirmed.

For opinion of the lower court in this case, see Claflin v. Bennett, 51 Fed. Rep. 693.

A. B. Wilson, E. F. Thompson, and C. B. McCoy, (Gardiner Lathrop and John N. Jewett, on the brief,) for appellants.

Charles M. Osborn, (S. A. Lynde and S. B. Ladd, on the brief,) for appellees.

[1] Rehearing pending.

Before WOODS and JENKINS, Circuit Judges, and GROSSCUP, District Judge.

PER CURIAM. The decree appealed from is affirmed, upon the grounds stated in the opinion of Judge Blodgett in the court below.